J-S67034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN STEVEN DREHER | |
| Appellant | No. 756 EDA 2016 |

Appeal from the Order Entered February 12, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008821-2009

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　**FILED OCTOBER 12, 2016**

This is an appeal from the order of the Court of Common Pleas of Montgomery County dismissing Appellant John Steven Dreher's *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely filed.   PCRA appellate counsel has filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).   After careful review, we note that the PCRA court failed to appoint counsel to properly assist Appellant with his first post-conviction relief filing before dismissing Appellant's petition as untimely filed. Accordingly, we deny counsel's motion to withdraw, vacate the PCRA court's order, and remand for proceedings consistent with this decision.


*Former Justice specially assigned to the Superior Court.

In August 2009, Appellant was charged in connection with his roomate's allegations that Appellant had stolen several pieces of his jewelry and various collectible items and sold them at a local pawn shop. On September 13, 2010, Appellant pled to theft by unlawful taking[1] and the lower court sentenced him to time-served to twenty-three months incarceration to be followed by three years probation. On the same day, the sentencing court paroled Appellant from the bench, noting Appellant had been incarcerated for over a year since his arrest. Appellant did not file a timely notice of appeal from his judgment of sentence.[2]

Thereafter, Appellant was subsequently charged on several occasions with violating his probation and parole for various reasons, such as failing to report to probation and parole officers, failing to maintain a verifiable address, failing to pay fines and costs, and absconding from supervision. Each time, after Appellant stipulated to the violation, his probation and parole was revoked and he was resentenced to complete the remainder of his sentences.

_____

[1] 18 Pa.C.S. § 3921(a) (third degree felony).

[2] On June 25, 2013, Appellant filed a vague notice of appeal to this Court. Although Appellant did not identify the specific order or sentence from which he was appealing, he indicated he wished to appeal his case "8821-09." Before the Court could address this filing, Appellant filed a praecipe for discontinuance with the assistance of counsel on October 4, 2013. This Court granted his requested relief and discontinued the appeal.

On October 19, 2015, while the prosecution of Appellant's most recent probation violation was pending, Appellant filed a *pro se* petition entitled "Wish to be Accorded Due Process and Appeal Original Sentence." On December 2, 2015, the lower court appointed the Montgomery County Public Defender's Office to review the petition. On December 14, 2015, the lower court gave Appellant notice that it desired to dismiss the filing, which it deemed an untimely PCRA petition, without a hearing pursuant to Pa.R.Crim.P. 907.

Although the public defender's office had been appointed in this case, Appellant filed numerous motions for the appointment of private counsel as public defender's office had not contacted him to discuss his petition. On January 22, 2016, Appellant filed a *pro se* response to the PCRA court's notice of intent to dismiss, reiterating his request for private counsel. From the docket, it appears the public defender's office subsequently made an oral motion to withdraw due to a conflict of interest. On February 4, 2016, the trial court filed an order permitting the public defender's office to withdraw.

Even though Appellant continued to ask for counsel to be appointed, the PCRA court ignored his requests and denied his PCRA petition without a hearing on February 12, 2016.[3] Appellant filed a *pro se* notice of appeal in

---

[3] Although the docket sheet labels this filing as the trial court's order denying Appellant's motion to dismiss, the trial court's order dismisses Appellant's *pro se* petition filed on October 19, 2015.

this Court, which was dated February 29, 2016 and placed in the mail on March 3, 2016. As Appellant filed additional requests for counsel, the PCRA court appointed Sean E. Cullen, Esq. to represent Appellant on March 4, 2016. The docket indicates that Appellant's *pro se* notice of appeal was forwarded to the trial court, this Court, the district attorney, and Atty. Cullen. On March 11, 2016, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 22, 2016, Atty. Cullen filed a supplemental notice of appeal and a request for transcripts. On April 1, 2016, Atty. Cullen filed a 1925(b) statement on Appellant's behalf. On April 20, 2016, this Court filed a *per curiam* order accepting the supplemental notice of appeal for filing.

As an initial matter, we must determine whether we have jurisdiction over this appeal. "The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." ***Commonwealth v. Williams***, 630 Pa. 169, 106 A.3d 583, 587 (2014). Our rules of appellate procedure provide that generally a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In this case, Appellant was required to file a notice of appeal within thirty days of the PCRA court's denial of his petition on February 12, 2016.

While Appellant's *pro se* notice of appeal was filed within thirty days of his judgment of sentence, his appointed counsel did not file his supplemental notice of appeal until after the thirty-day period had elapsed. As a result,

- 4 -

we must determine whether Appellant's *pro se* notice of appeal was a valid filing. As a general rule, our courts prohibit hybrid representation and do not typically entertain *pro se* filings while an appellant is represented by counsel. ***See Commonwealth v. Ali****,* 608 Pa. 71, 89, 10 A.3d 282, 293 (2010); ***Commonwealth v. Ellis****,* 534 Pa. 176, 180-81, 626 A.2d 1137, 1139–40 (1993). ***But see Commonwealth v. Cooper***, 611 Pa. 437, 27 A.3d 994 (2011). Specifically, our procedural rules require that a *pro se* filing submitted by a counseled defendant is simply noted in the docket and forwarded to counsel. Pa.R.Crim.P. 720(A)(1).

Nevertheless, we observe that at the time Appellant mailed his notice of appeal from prison on March 3, 2016, he was not represented by counsel. As the PCRA court denied Appellant's repeated requests for counsel, Appellant submitted a *pro se* appeal because he did not foresee that counsel would be appointed on his behalf before the time period for filing a notice of appeal expired. Pursuant to the prisoner mailbox rule, a prisoner's legal documents are "deemed filed when placed in the hands of prison authorities for mailing." ***Commonwealth v. Whitehawk***, 330 EDA 2016 (Pa.Super. filed August 24, 2016).[4] Thus, Appellant's *pro se* notice of appeal was timely

---

[4] Our rules of appellate procedure similarly provide that:

> [a] *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed

*(Footnote Continued Next Page)*

- 5 -

filed on March 3, 2016, as evidenced by the date postmarked on the envelope he sent from prison. As the PCRA court did not appoint Appellant counsel until the following day, March 4, 2016, there are no concerns of hybrid representation. Thus, we have jurisdiction to review this timely appeal.

The parties agree that the trial court correctly characterized Appellant's October 19, 2015 *pro se* petition entitled "Wish to be Accorded Due Process and Appeal Original Sentence" as a PCRA petition. We agree that this filing falls under the ambit of the PCRA, which is the "exclusive vehicle for obtaining post-conviction collateral relief." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa.Super. 2001). When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allen***, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

_____
*(Footnote Continued)*

prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.

Pa.R.A.P. 121.

- 6 -

Before we proceed to review the merits of Appellant's PCRA petition, we must evaluate counsel's petition to withdraw his representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner, supra** and **Finley, supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)).

We note that Appellant's appointed counsel initially filed his petition to withdraw on the basis of frivolity pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We accepted counsel's **Anders** brief in lieu of a **Turner-Finley** letter, as an **Anders** brief provides greater protection to criminal defendants. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004). After reviewing the letter counsel sent Appellant informing him of his intent to withdraw, this Court noted that counsel

improperly framed Appellant's ability to respond to this filing as contingent on the granting of counsel's petition to withdraw. Thus, on June 20, 2016, this Court issued a *per curiam* order, expressly notifying Appellant that he could file a *pro se* response or a response from privately retained counsel. This Court also directed Atty. Cullen to send Appellant another letter informing him of his immediate right to proceed in the appeal *pro se* or through privately retained counsel. **See Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa.Super. 2016); **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super. 2006). Atty. Cullen complied with this mandate. Appellant filed a pro se response on July 13, 2016.

After reviewing the record and counsel's petition to withdraw, we find that PCRA appellate counsel complied with the technical requirements of **Turner** and **Finley**, **supra**. In his "no-merit" letter, PCRA appellate counsel detailed the nature and extent of her review, listed the issues which Appellant raised in his *pro se* petition, and explained why he believed Appellant's petition was untimely filed and frivolous. Moreover, counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf.

In our independent review of the record, we observe that Appellant was never afforded counsel to assist him in filing his PCRA petition. As noted above, after Appellant filed his initial *pro se* petition, the PCRA court appointed the public defender's office to represent Appellant. Instead of filing an amended petition, the public defender's office filed a petition to

withdraw, citing a conflict of interest. The PCRA court did not appoint Appellant new counsel until after it denied Appellant's petition as untimely and Appellant filed a notice of appeal. Appellant is entitled to counsel to represent him on his first PCRA petition "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented." ***Kutnyak***, 781 A.2d at 1262.

Accordingly, we are constrained to vacate the PCRA court's order denying Appellant's PCRA petition and remand for proceedings consistent with this decision. PCRA counsel should assist Appellant in determining whether he can file an amended PCRA petition averring an exception to the PCRA time limits and should examine if there are other issues that may be of merit if Appellant's petition is timely. PCRA counsel may again elect to file a ***Turner-Finley*** no-merit letter.

Order vacated. Petition to Withdraw denied. Appellant's Motions filed on August 11, 2016 and September 1, 2016 are denied as moot.[5] Case remanded with instructions. Jurisdiction relinquished.

---

[5] Appellant filed these *pro se* applications in response to counsel's petition to withdraw, providing further detail of the claims raised in his PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2016